# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LEILA CRUZ MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-00712 PLC |
| | ) | |
| MO REHABILITATION SERVICES | ) | |
| FOR THE BLIND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Leila Cruz McCoy for leave to commence this action without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion to proceed in forma pauperis. Furthermore, after reviewing the complaint and the judicial record relating to plaintiff's allegations, the Court will require plaintiff to show cause why this action should not be transferred to the United States District Court for the Western District of Missouri.

## Background

Plaintiff, Leila Cruz McCoy, is a frequent litigator in federal court. She appears to have filed over fifty (50) cases across the nation since approximately 2014. [1] Most of those cases have

---

[1] *See, e.g., McCoy v. Orange County Dept. of Social Services,* No. 8:20-CV-1879 JAK-JPR (C.D. Cal. 2020) (dismissing plaintiff's action on October 7, 2020 as frivolous)*; McCoy v. Orange County Dept. of Social Services,* No. 8:20-CV-2063 JAK-JPR (C.D. Cal. 2020) (denying request to proceed in forma pauperis and dismissing plaintiff's action on November 3, 2020 due to plaintiff's failure to provide financial information)*;McCoy v. U.S. Housing and Urban Dev., et al.,* No. 8:20-CV-00583 JAK-JPR (C.D. Cal. 2021) (dismissing plaintiff's action on October 13, 2021 for failure to prosecute)*; McCoy v. Orange County Dept. of Social Services, et al.,* No. 2:22-CV-00566 DAD-JDP (E.D. Cal. 2023) (dismissing plaintiff's action on February 14, 2023 for failure to prosecute); *McCoy v. U.S. Housing and Urban Dev., et al.,* No. 3:21-CV-00517 VC (N.D. Cal. 2021) (dismissing plaintiff's action on May 5, 2021 for failure to prosecute)*;

*McCoy v. California Dept. of Social Services, et al.,* No. 3:22-CV-1989 AGT (N.D. Cal. 2022) (case transferred to the Eastern District of California on June 17, 2022); *McCoy v. Newsome,* No. 3:20-CV-1570 TWR-BGS (S.D. Cal. 2020) (case dismissed for failure to prosecute on May 24, 2021);*McCoy v. San Diego County Dept. Health and Human Services,* No. 3:20-CV-1890 TWR-BGS (S.D. Cal. 2020) (case dismissed on September 15, 2021 for failure to prosecute*); McCoy v. Kennedy, et al.,* 1:14-CV-850 LTB (D. Colo. 2014) (case voluntarily dismissed on April 18, 2014); *Cruz v. California Department of Social Services, et al.,* No. 2:22-CV-4059 NKL (W.D. Mo. 2022) (dismissing case on June 14, 2022 due to failure to provide adequate financial information and for violating Local Rule 15.1(a)(2) relative to amendment of her complaint); *McCoy v. Colorado Springs Police Dept.,* No. 1:14-CV-894 LTB (D. Colo. 2014) (case dismissed with prejudice on May 30, 2014); *Cruz v. U.S. Dept. of Housing and Urban Development, et al.,* No. 2:22-CV-04067 NKL (W.D. Mo. 2022) (dismissing plaintiff's action for failing to either pay the filing fee or file a financial affidavit to accompany her motion to proceed in forma pauperis); *McCoy v. Colorado Springs Police Dept.,* No. 1:15-CV-118 LTB (D. Colo. 2015) (case dismissed without prejudice on April 7, 2015); *McCoy v. CO Dept. of Human Services,* No. 1:15-CV-21 LTB (D. Colo. 2015) (case dismissed for failure to comply with a Court Order on April 9, 2015); *McCoy v. Kennedy,* No. 1:15-CV-113 LTB (D. Colo. 2015) (case voluntarily dismissed on March 6, 2015); *McCoy v. Antioch Missionary Baptist, Inc., et al.,* No. 1:15-CV-238 LTB (D. Colo. 2015) (case dismissed on April 9, 2015 for failure to comply with a Court Order and for failure to prosecute); *McCoy v. Cornelius,* No. 1:15-CV-360 LTB (D. Colo. 2015) (case voluntarily dismissed on March 6, 2015); *McCoy v. CO Dept. of Human Services*, et al., No. 1:16-CV-150 LTB (D. Colo. 2016) (case dismissed on May 19, 2016 pursuant to 28 U.S.C. § 1915); *McCoy v. El Paso County Dept. of Human Services*, et al., No. 1:16-CV-185 LTB (D. Colo. 2016) (case dismissed on May 23, 2016 for failure to comply with a Court Order and for failure to prosecute); *McCoy v. Colorado Springs Police Dept., et al.*, No. 1:16-CV-244 LTB (D. Colo. 2016) (case dismissed on July 20, 2016 for failure to comply with a Court Order and for failure to prosecute); *McCoy v. Colorado Springs Housing Authority, et al.*, No. 1:16-CV-330 MSK-KMT (D. Colo. 2016) (case dismissed on August 12, 2017 for failure to prosecute); *McCoy v. Bennette Valley Investors, et al.*, No. 1:16-CV-443 LTB (D. Colo. 2016) (case dismissed on July 8, 2016 for failure to comply with a Court Order and for failure to prosecute); *McCoy v. Colorado Civil Rights Division, et al.*, No. 1:16-CV-649 LTB (D. Colo. 2016) (case dismissed on May 4, 2016 for failure to comply with a Court Order); *McCoy v. Nissen, et al.,* No. 1:16-CV-887 LTB (D. Colo. 2016) (case dismissed on May 5, 2016 for failure to comply with a Court Order); *McCoy v. CO Dept. of Human Services*, et al., No. 1:20-CV-2378 LTB (D. Colo. 2020) (case dismissed on November 12, 2020 for failure to comply with Court Order); *McCoy v. Krane, et al,* No. 1:20-CV-2814 LTB (D. Colo. 2020) (case dismissed on December 21, 2020 for failure to adhere to filing restrictions imposed by the Court); *Cruz v. Sicles, et al.*, No. 1:23-CV-1136 KLM (D. Colo. 2023) (case submitted for review pursuant to 28 U.S.C. § 1915); *Cruz v. CO Dept. of Human Services, et al.,* No. 1:22-CV-3078 LTB-KLM (D. Colo. 2023) (case voluntarily dismissed on June 1, 2023); *McCoy v. CO Dept. of Human Services*, et al., No. 1:20-CV-3390 LTB (D. Colo. 2021) (case dismissed on March 31, 2021 for failure to comply with Court Order); *McCoy v. CO Dept. of Human Services, et al*., No. 8:18-CV-483 RGK (D. Neb. 2019) (case dismissed on June 13, 2019 pursuant to 28 U.S.C. 1915); *McCoy v. Nebraska Dept. of Health and Human Services Licensing Unit*, et al., No. 8:18-CV-570 RGK (D. Neb. 2020) (case dismissed on January 13, 2020 pursuant to 28 U.S.C. 1915); *McCoy v. The Connection, et al.,* No. 8:20-CV-363 RGK (D. Neb. 2021) (case dismissed on April 12, 2021 for failure to comply with a Court Order); *McCoy v. Social Security Administration*, et al., No. 8:20-CV-391 RGK (D. Neb. 2021) (case dismissed on March 23, 2021 due to plaintiff's failure to effectuate service); *McCoy v. Social Security Administration, et al.,* No. 8:20-CV-390 RGK (D. Neb. 2021) (case dismissed on March 23, 2021 due to plaintiff's failure to effectuate service); *Cruz v. Akron Police Dept., et al.,* No. 5:21-CV-51 JRA (N.D. O.H. 2021) (dismissing plaintiff's action on June 22, 2021 for failure to prosecute); *Cruz v. Akron Police Dept., et al.,* No. 5:20-CV-2246 BYP (N.D. O.H. 2021) (dismissing plaintiff's action on March 5, 2021 after denying leave to proceed in forma pauperis); *McCoy v. Kansas*, No. 2:16-CV-2129 JAR-JPO (D. Kan. 2016) (dismissing plaintiff's action on January 3, 2017 for failure to prosecute); *Cruz v. U.S. Dept. of Housing and Urban Dev. et al.,* No. 2:23-

been dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915, for failure to prosecute under Federal Rule of Civil Procedure 41(b) or for failure to comply with a Court Order under Rule 41.

## The Complaint

Plaintiff, a blind civil litigant before the Court, brings this action against the Missouri Rehabilitation Services for the Blind and the Missouri Family Support Division.[2] She indicates

---

CV-2239 JAR-TJJ (D. Kan. 2023) (case submitted for review pursuant to 28 U.S.C. § 1915); *McCoy v. U.S. Dept. of Health and Human Services, et al.*, No. 1:22-CV-214 SM (D. N.H. 2023) (dismissing plaintiff's action on January 18, 2023 for failure to prosecute; *Cruz v. Colorado*, No. 1:22-CV-272 SCY (D. N.M. 2022) (transferring plaintiff's action on July 19, 2022 to District of Colorado); *Cruz v. Best Buy, et al.*, No. 0:20-CV-2113 DWF-DTS (D. M.N. 2021) (transferring plaintiff's action on January 29, 2021 to District of Colorado); *McCoy v. Esselman, et al.*, No. 2:20-CV-1394 SCD (E.D. Wis. 2021) (dismissing plaintiff's action on August 2, 2021 for failure to prosecute); *Cruz-McCoy v. Greg Nichols Properties, Inc., et al.*, No. 2:22-CV-4180 NKL (W.D. Mo. 2023) (case under review pursuant to 28 U.S.C. § 1915); *Cruz-McCoy v. Topeka Rescue Mission, et al.,* No. 6:20-CV-1274 HLT-KGG (D. Kan. 2021) (dismissing plaintiff's action on September 20, 2021 for failure to prosecute; *McCoy v. Greg Nichols Properties, Inc., et al.,* No. 2:22-CV-4184 NKL (W.D. Mo. 2023) (dismissing plaintiff's action on February 23, 2023 as duplicative); *Cruz v. U.S. Dept. of Housing and Urban Development, et al.*, No. 2:22-CV-04070 NKL (W.D. Mo. 2022) (dismissing plaintiff's action for failing to either pay the filing fee or file a financial affidavit to accompany her motion to proceed in forma pauperis); *McCoy v. Kijakazi*, No. 2:23-CV-4031 NKL (W.D. Mo. 2023) (case voluntarily dismissed on March 6, 2023); *McCoy v. Missouri*, No. 2:23-CV-4023 NKL (W.D.Mo. 2023) (case dismissed as duplicative on February 23, 2023); *McCoy v. Missouri*, No. 2:23-CV-4109 BCW (W.D.Mo. 2023) (case undergoing § 1915 review); *Cruz v. Wharton, et al.*, No. 2:22-CV-04082 NKL (W.D. Mo) (dismissing plaintiff's action for failing to either pay the filing fee or file a financial affidavit to accompany her motion to proceed in forma pauperis); *Cruz-McCoy v. San Diego Child Welfare Services, et al.*, No. 2:22-CV-04193 NKL (W.D.Mo. 2023) (dismissing plaintiff's action for lack of personal jurisdiction); *Cruz-McCoy, et al. v. San Diego County Child Welfare Services, et al.,* No. 2:22-CV-04194 NKL (W.D.Mo. 2023) (plaintiff's request to remove a state court lawsuit from San Diego Superior Court was denied and case was dismissed); *Cruz-McCoy v. Boone County Court, et al.,* No. 2:23-CV-04001 NKL (W.D.Mo. 2023) (case voluntarily dismissed on February 27, 2023); *Cruz-McCoy v. San Diego Child Welfare Services, et al.,* No. 2:23-CV-04012 NKL (W.D.Mo 2023) (case dismissed for lack of personal jurisdiction); *Cruz McCoy v. Rady Children's Hospital, et al.,* No. 23-CV-35 GPC (KPC) (SD Cal. 2023) (dismissing plaintiff's action on April 27, 2023 pursuant to 28 U.S.C. § 1915); *Cruz-McCoy v. Laughrey, et al.,* No. 2:23-CV-04042 MDH (W.D.Mo. 2023) (case dismissed for failure to state a claim); *Cruz v. County  of San Diego, et al.,* No. 3:23-CV-273 GPC-KSC (S.D. Cal. 2023) (case submitted for review pursuant to 28 U.S.C. § 1915); *Cruz v. Robinson*, No. 3:20-CV-6239 MMC (N.D. Cal. 2021) (dismissing plaintiff's action on February 25, 2021 for failure to update her address with the Court).

[2]Under a Section of the Complaint titled "Federal Question" plaintiff lists the following federal statues that are purportedly at issue in this action: Americans with Disabilities Act (ADA); Rehabilitation Act; Social Security Act and the Violence Against Women Act. Although plaintiff cites to these statutes, it does not appear that plaintiff has alleged claims under all these statutes against defendants. Rather, the only claims plaintiff appears to bring in this case relate to the ADA.

that defendants are located in Jefferson City, Missouri. Plaintiff's claims are best understood as set forth in their entirety:

1. Discrimination, retaliation, and denial of equal access to services, programs, facilities and assistance administered by MO Family Support Division and MO Rehabilitation Services for the Blind.
2. Between October 1, 2011, and May 23, 2023
3. St. Louis, Columbia and Jefferson City, MO
4. False imprisonment, loss of my unborn baby, loss of benefits, [I] was/am eligible for, emotional distress, mental anguish, loss of enjoyment of life, loss of wages, subjected to family violence, stalking due to violations of my confidentiality and false welfare fraud reporting because I could not give the physical location of a confidential battered women's shelter, which is a criminal offense
5. See attached statement: Katie Cawdron, Kayla McFarland, J. Katie Coleman, MO Dept of Legal Services, Kevin Faust all acted outside their professional capacity and regulations for the federal assistance programs administered by the State of MO for the USDA/USDHHS and Social Security Administration to subject me to different terms of service/eligibility, deny me medically necessary policy modifications/reasonable accommodations, auxiliary aide/software and a qualified neutral reader/interpreter. I did provide court and medical records to document my eligibility for consideration of mitigating circumstances, reasonable accommodations and policy modifications. The agencies refused accessible hearings.

For monetary relief in this action.

## Discussion

Although Title II of Americans with Disabilities Act (ADA) does not expressly authorize a private cause of action for disability discrimination by public entities, it adopts the remedial scheme of Title VI of the Civil Rights Act of 1964, under which there is an implied private cause of action. Civil Rights Act of 1964, §§ 601 *et seq.*, 42 U.S.C.A. §§ 2000d *et seq.*; Americans with Disabilities Act of 1990, § 202, 42 U.S.C § 12132.

The ADA is divided into four subchapters, three of which are substantive and commonly referred to as Title I, 42 U.S.C. §§ 12111-12117; Title II, *id.* §§ 12131-12165; and Title III, *id.* §§ 12181-12189. Each title has its own enforcement provision. *See id.* §§ 12117, 12133, 12188.

Plaintiff's ADA claims are brought under Title II. With respect to actions brought under Title II, § 12133 incorporates the provisions in 29 U.S.C. § 794a. The relevant provision in that section – § 794a(a)(2) – incorporates the procedures under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-7. Because Title VI does not provide a specific venue statute, the general venue statute – 28 U.S.C. § 1391(b) – controls. The general venue statute also controls in actions under Title III of the ADA. *See* 42 U.S.C. § 12188(a)(1) (incorporating the procedures in 42 U.S.C. § 2000a-3(a), which does not refer to venue). Therefore, whether venue in this District is proper will be determined under 28 U.S.C. § 1391(b).

Under the relevant venue provision, claims under Title II of the ADA may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not allege that any of the defendants reside within this judicial district. Defendants are agencies of the State of Missouri, which are located in Jefferson City, Missouri, within the confines of the United States District Court for the Western District of Missouri.

Plaintiff complains that defendants discriminated against her during a twelve-year period while she lived in Columbia, Missouri, which also falls within the Western District of Missouri.

5

Although she states that she was also discriminated against in St. Louis, Missouri, which falls within the United States District Court for the Eastern District of Missouri, she has failed to articulate any facts in her complaint that support her contention.

Given plaintiff's allegations, it appears that under Section 1391(b)(1) or (2), the United States District Court for the Western District of Missouri is a proper venue for this action. Considering plaintiff's allegations as to the location of defendants and from where it appears that a substantial portion of the alleged events appear to have occurred, in the interest of justice, the Court is inclined to transfer this action to the Western District of Missouri under 28 U.S.C. § 1404(a). Plaintiff will be required to show cause, within twenty-one (21) days of the date of this Order, as to why this action should not be transferred. Plaintiff's failure to respond to the Order to Show Cause may result in a dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, within twenty-one (21) days of the date of this Order, why this action should not be transferred to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1404(a).

**IT IS FURTHER ORDERED** that plaintiff's failure to respond to the Order to Show Cause in a timely manner may result in a dismissal of this action, without prejudice.

Dated this 9th day of June, 2023.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE